Delia Henry, as Administratrix of the Estate of Patrick Henry, Deceased, Appellant, *v.* Hudson and Manhattan Railroad Company, Respondent.

**Master and servant — rule that master must furnish safe place for servant to work not applicable when prosecution of the work itself makes the place to work — master's duty to take reasonable means to enforce rules for safety of workmen.**

The principle that the master is bound to provide his servant a safe place to work applies only where, in the conduct of the work, the master furnished the place where the work is carried on. It has no application to a case where the prosecution of the work itself makes the place to work; but where a master knows that servants have so negligently done their work as to occasion danger to a fellow-servant, it is his duty to interpose and take reasonable means to see that the rules are complied with, the work properly done and the danger removed.

*Henry* v. *Hudson & Manhattan R. R. Co.*, 139 App. Div. 913 reversed.

(Argued February 16, 1911; decided February 28, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 2, 1910, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. Spencer Bevins, John C. Robinson* and *Max Greenwald* for appellant. Facts sufficient to show negligence on the part of the defendant were proven and a judgment for the plaintiff based thereon would have been warranted. (*Simone* v. *Kirk*, 173 N. Y. 7; *Baccelli* v. *N. E. B. Co.*, 122 N. Y. Supp. 856; *Pantzar* v. *T. F. M. Co.*, 99 N. Y. 368; *McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *O'Brien* v. *B. F. Co.*, 183 N. Y. 317; *Plank* v. *N. Y. C. R. R. Co.*, 60 N. Y. 607; *Lofrano* v. *N. Y. & M. V. W. Co.*, 55 Hun, 452; 130 N. Y. 658; *Mannion* v. *Hagan*, 9 App. Div. 98; *Felice* v. *N. Y. C. & H. R. R. R. Co.*, 14 App. Div. 345; *Raynor* v. *Trolan*, 22 App. Div. 107; *Illinois Steam Co.* v.

*Schymanowski*, 59 Ill. App. 32; *C. C. Co.* v. *Scheiber*, 65 Ill. App. 304; *Kelly* v. *Mining Co.*, 16 Mont. 484.)

*William C. Cannon* and *Frederic B. Jennings* for respondent.    While the master is under a duty to provide his servants with a reasonably safe place in which to work, the rule has no application where the danger to which the servant is exposed or by reason of which the accident happens, arises from the prosecution of the work itself. (*Perry* v. *Rogers*, 157 N. Y. 251; *Citrone* v. *O'Rourke*, 188 N. Y. 339; *Russell* v. *L. V. R. R. Co.*, 188 N. Y. 344; *Di Vito* v. *Crage*, 165 N. Y. 378; *Capasso* v. *Woolfolk*, 163 N. Y. 472; *Powers* v. *F. Nat. Bank*, 133 App. Div. 257; *Litchfield* v. *B., R. & P. Ry. Co.*, 73 App. Div. 1; *Logerto* v. *Central Building Co.*, 123 App. Div. 840; *Butler* v. *Townsend*, 126 N. Y. 105; *Caddy* v. *I. R. T. Co.*, 195 N. Y. 418; *McDonough* v. *C. S. B. Co.*, 113 App. Div. 432.) Any negligence which may have caused the accident was that of a fellow-servant or fellow-servants of the deceased for which defendant is not responsible. (*Vogel* v. *A. B. Co.*, 180 N. Y. 373; *Hussey* v. *Coger* 112 N. Y. 614; *Capasso* v. *Woolfolk*, 163 N. Y. 472; *Madigan* v. *O. S. N. Co.*, 178 N. Y. 242; *Kimmer* v. *Weber*, 151 N. Y. 417.)

CULLEN, Ch. J.    The action was brought by the personal representatives of a deceased employee against his employer to recover damages for the death of the employee. The defendant was engaged in constructing a tunnel in New Jersey. The tunnel was being driven through a mass of rock. The method of work was to blast the rocks at the head of the tunnel by a gang of men called drillers, and the material cast down by the blast was loaded by another gang into a car and taken out of the tunnel. The plaintiff belonged to the last-named gang, who were called muckers. It was also the duty of the blasters to remove or pull down any pieces of rock which after the blast might project or be loose and in danger of falling. On the occasion of the accident the plain-

tiff, with the others of his gang, was sent by his foreman to remove the excavated material at the end of the tunnel. While there a piece of loose rock fell upon him, causing his death.

The principle that the master is bound to provide his servant a safe place to work applies only where, in the conduct of the work, the master furnishes the place where the work is carried on. (*McGuire* v. *Bell Telephone Co. of Buffalo*, 167 N. Y. 208.) It has no application to a case like the one before us, where the prosecution of the work itself makes the place to work. (*De Vito* v. *Crage*, 165 N. Y. 378.) This distinction should be clearly borne in mind when dealing with a common-law action for negligence; for while the master is liable for the conduct of his servants in failing to maintain safe the place where the work is to be done, his liability is much more limited for defects in the prosecution of the work. (*Neagle* v. *Syracuse, B. & N. Y. R. R. Co.*, 185 N. Y. 270.) The common-law liability has been altered in this state in several respects by statute, but these statutes have no bearing on the case, as the accident occurred in New Jersey. The failure of the blasters to remove or pull down the loose rock was plainly the negligence of fellow-servants, and if this had been all there was in the case the nonsuit would have been properly granted. But there was more. Evidence was given on behalf of the plaintiff that the day before the accident one Montgomery, who was the general superintendent of the work, was told by one of the workmen that the rocks at the head of the tunnel were dangerous and likely to fall, to which Montgomery replied that they did look pretty dangerous, and that he would have them removed by nightfall. The loose rocks were not removed, and there is no proof in the case (the complaint having been dismissed at the close of the plaintiff's case) that Montgomery did anything to have them removed or took any precautions against the danger. Now, while it is true that the master is not liable to one servant for the negligence of another when he conducts the work in a proper manner and prescribes proper rules for its performance, yet

when he knows that one set of servants have so negligently done their work as to occasion danger to a fellow-servant, it is his duty to interpose and take reasonable means to see that the rules are complied with, the work properly done and the danger removed. (*O'Brien* v. *Buffalo Furnace Co.*, 183 N. Y. 317.) If there were negligence on the part of the master in this accident, it lay just here.

The judgment should be reversed and new trial granted, costs to abide event.

GRAY, VANN, WERNER, HISCOCK and COLLIN, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.