TRIBASTONI v. RODGERS & HAGERTY, Inc.

(Supreme Court, Appellate Term.  May 18, 1911.)

1. MASTER AND SERVANT (§ 289*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.
    Whether an employé, injured while digging a trench through a rock falling, was guilty of contributory negligence, *held*, under the evidence, a jury question.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132;  Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 286*)—INJURY TO EMPLOYÉ—NEGLIGENCE—JURY QUESTION.
    In an action for injury to an employé while digging a trench, caused by a rock falling, whether the employer was negligent *held*, under the evidence, a jury question.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001–1050;  Dec. Dig. § 286.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Giovanni Tribastoni against Rodgers & Hagerty, Incorporated. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Goldsmith, Rosenthal, Mork & Baum (Milton M. Goldsmith, of counsel), for appellant.

Amos H. Stephens, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J.  Plaintiff appeals from a judgment rendered in favor of defendant dismissing the complaint.  The action was brought to recover damages for personal injuries sustained by plaintiff while engaged at work as an employé of defendant, which injuries plaintiff alleges were due to defendant's negligence in failing to supply him with a safe place to work, with proper tools and implements to do the work assigned to him, and with a sufficient number of fellow servants to aid in the performance of the work.  At the time of the accident plaintiff was engaged in digging a trench, in the process of which work it was necessary to remove a large stone from the trench onto the street.  While plaintiff and his fellow servants were endeavoring to remove the rock in question, and after it had been lifted to the edge of the trench, it rolled back, injuring plaintiff's hand, so that one of the fingers had to be amputated.  Due notice was served upon defendant pursuant to the provisions of the employer's liability act.  The answer denies all the allegations of the complaint, except the employment of plaintiff by defendant, and alleges that the accident was due to the negligence of plaintiff's coemployés, and that the risks of the employment were obvious, and were known to and assumed by the plaintiff.

It appeared from the testimony of the plaintiff and others that it was customary in the prosecution of this work to have an additional employé on the level of the trench to remove dirt which had accumulated there, and, when large stones were to be removed, to furnish those engaged in the work of removal with a rope, to assist in the lifting of the stone from the trench; that at the time of the accident no person was present to remove the dirt accumulated on the edge of the trench, and that, when plaintiff requested defendant's foreman to furnish a rope to assist in lifting the stone in question, the foreman refused, stating that it was in use elsewhere; that there was but one rope used on the job, although many gangs of workmen were employed thereon; that the foreman ordered the men to remove the stone with their hands; that the plaintiff, assisted by his colaborers, endeavored to lift the stone onto the street level under the direction of the foreman; that they succeeded in doing so, but the stone rolled back by reason of the pile of dirt which had accumulated on the edge of the trench, and plaintiff was thereby injured.  At the conclusion of plaintiff's case, defendant introduced no evidence.  The court refused plaintiff's motion to go to the jury, and granted defendant's motion to dismiss the complaint, holding that the injury was the result of "the negligence or unskillfulness of the plaintiff in not removing his hand in time to keep it from getting caught when placing the heavy object that he was handling in position."

[1] The refusal of the request to go to the jury was reversible error.  The question of contributory negligence, as presented in this case, was a question of fact for the jury.

[2] The plaintiff was also entitled to go to the jury on the question whether the defendant was negligent in permitting the work to be conducted in an unnecessarily dangerous manner (see O'Brien v. Buffalo Furnace Co., 183 N. Y. 317, 76 N. E. 161; Henry v. Manhattan R. R. Co., 201 N. Y. 140, 94 N. E. 623), and in failing to furnish its em-

ployés with adequate and suitable tools and implements with which to do the work required of them, and a sufficient number of coemployés to assist in the performance of the work.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

