(159 App. Div. 356.)

### FRESUSK v. PITTSBURG CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1913.)

1. MASTER AND SERVANT (§ 107*)—MASTER'S LIABILITY—DANGEROUS PLACE TO WORK.

Where the place where a servant was injured was dangerous, but the danger arose from the prosecution of the work, that alone would not make the master liable, provided the servant participated therein.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199-202, 212, 254, 255; Dec. Dig. § 107.*]

2. MASTER AND SERVANT (§ 118*)—MASTER'S LIABILITY—"WAYS, WORKS, MACHINERY OR PLANT."

In a servant's action for injuries, held, that a stone in the side of an excavation was not a defect in the "ways, works, machinery or plant," within Labor Law (Consol. Laws 1909, c. 31) § 200, subd. 1, as amended by Laws 1910, c. 352.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 202, 209; Dec. Dig. § 118.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7421.]

3. MASTER AND SERVANT (§ 278*)—ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE OF SUPERINTENDENT.

In a servant's action for personal injuries from being struck by a loose rock while engaged in excavation work, brought under Labor Law (Consol. Laws 1909, c. 31) § 200, subd. 2, as amended by Laws 1910, c. 352, on the ground of the negligence of the superintendent in not properly inspecting the work as it progressed, evidence held not to show such negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

4. MASTER AND SERVANT (§ 124*)—INJURY TO SERVANT—NEGLIGENCE.

Declarations of opinion on the part of a foreman or superintendent that there was no danger from a stone in the side of a tunnel would not make the master liable for injury therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

Appeal from Trial Term, Westchester County.

Action by Charles Fresusk against the Pittsburg Contracting Company. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

John Ambrose Goodwin, of White Plains, for appellant.
Sydney A. Syme, of Mt. Vernon, for respondent.

BURR, J.  [1] We do not see how this verdict can be sustained. As the result proved, the place where plaintiff was injured was not a safe place to work.  But inasmuch as the danger arose from the prosecution of the work, that alone would not make defendant liable provided plaintiff participated therein.  Citrone v. O'Rourke Engineering Const. Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340. During the progress of the trial plaintiff conceded in express words that "The doctrine of a safe place does not apply here.  That is correct."  The only negligence charged in the complaint, aside from failure to provide a safe place to work, was:  (1) Failure to provide a competent and experienced man to superintend and inspect said work; (2) failure, through its superintendent, to properly inspect and examine said work as it progressed.  As to the first ground, there is no evidence that Mike Burns, conceding that he was the superintendent, was incompetent or inexperienced.  The case was not sent to the jury on any such ground, nor was this question submitted to them.

[2] Under the Labor Law, in accordance with the provisions of which this action is brought (Consolidated Laws, c. 31 [Laws of 1910, c. 352] §§ 200, 202a), no liability can be predicated upon a disregard or violation of the provisions of subdivision 1 of section 200.  The stone in the side of the excavation was not a defect in "the ways, works, machinery or plant."

[3] If this act affects the situation at all, it is under subdivision 2 of the same section, which makes a master liable for the negligence of any one in his employ "intrusted with any superintendence" or "with authority to direct, control or command," to the same extent as if the injured person had not also been an employé of his.  Under this section, upon sufficient evidence that Burns had neglected to make a proper inspection and examination of the work as it progressed, negligence might be found.  But the evidence fails to disclose any neglect upon his part in this respect.  When his attention was called to the rock in question, he examined it, tested it in the usual way, and expressed his opinion that it would not fall.  It is true that plaintiff testified that Burns only looked at the rock and said, "Go ahead and do it"; that is, his work of leveling the surface of the ground in order to place the timbers in the excavation.  But in view of the positive testimony, both on direct and cross examination, of the witness Lostensky who was called by the plaintiff, I think the jury would be required to find that Burns did test the rock and did so in the usual way, although plaintiff may not have observed him in so doing.  Lostensky testifies:

"Mr. Burns, at the time when the complaining witness spoke to Mr. Burns, he took a pick handle and touched the front of the stone, and told him there is no danger for that stone to come down. But to 'work quickly and do your work quick.'"

And again:

"Mr. Burns picked up a pick handle and touched the stone, and he says, 'There is no chance of the stone coming down, but do it as quick as you can and be done with it.' Q. He did tap that stone to see whether it would come down, didn't he? A. Yes, sir; with a pick handle. Yes. Q. Is that the customary way of testing whether a stone will come down? A. Yes. When he sees it is dangerous he gets a bar and knocks the stone down."

[4] Except that plaintiff did not observe this, there is no testimony, direct or circumstantial, to contradict it, and, except for the fact that the stone did fall, nothing to indicate that the opinion which he expressed was not justified. It is true that Lostensky said the dirt was loose around the stone in some places, but he could not have thought it dangerous, for, notwithstanding his experience of eight years and that it was part of his duty to take down loose stone, he neither hesitated to work in immediate proximity to it, nor did he attempt to take it down himself. Where, then, is the evidence of negligent inspection on Burns' part upon which this case must stand or fall?

"The statements of the foreman and the superintendent that there was no danger seem no more than declarations of opinion on their part." O'Brien v. Buffalo Furnace Co., 183 N. Y. 317, 320, 76 N. E. 161, 162.

For such the master is not liable. Scott v. Delaware, Lackawanna & W. R. R. Co., 148 App. Div. 697, 132 N. Y. Supp. 859. The case does not fall within Henry v. Hudson & Manhattan R. R. Co., 201 N. Y. 140, 94 N. E. 623. In that case the superintendent admitted the danger, but took the risk of directing the workmen to proceed with their work. Here, Burns thought there was no danger. In addition, the evidence in this case does not clearly establish whether plaintiff was a member of a gang which followed the gang which did the scaling and removing, or whether he belonged to a gang whose duty it was, among other things, to pull down the loose rocks, of which gang Burns was the foreman.

The judgment and order denying the motion for a new trial must be reversed, and a new trial granted; costs to abide the event. All concur.