LUIGI CARONOANO, Appellant, v. ISRAEL POMERANZ, Respondent.

*Master and servant — negligence — injury to servant by fall of tree — liability of master, question of fact.*

Where an employee engaged in making an excavation was injured by the fall of a tree, which was loosened in the work, and the defendant, who had knowledge of the situation and had done nothing to remedy it, ordered plaintiff to go to work within a few feet of the tree, which almost immediately slipped down and upon him, the circumstances are such that the jury might have found that defendant was guilty of negligence, and, hence, a judgment dismissing plaintiff's complaint should be reversed.

*Caronoano* v. *Pomeranz*, 149 App. Div. 923, reversed.

(Submitted January 16, 1914; decided February 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 10, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

This action was brought to recover for personal injuries alleged to have been sustained by plaintiff while in the employ of the defendant through his negligence.

The facts, so far as material, are stated in the opinion.

*Philip S. Saitta* for appellant. The question of negligence on the part of fellow-servants is not present in the case at bar, for the reason that the servants were subject to and received all orders directly from the master with respect to the course and conduct of the work; and the master having actual knowledge of the danger, which could have been guarded against by the exercise of reasonable care and prudence, becomes liable to servants for injuries received by reason of such neglect. (*McGovern* v. *Cent. V. R. R. Co.*, 123 N. Y. 280; *Henry* v. *H. & M. R. R. Co.*, 201 N. Y. 140; *Pepe* v. *Utica P. T. Co.*, 132 App. Div. 458; *Palmijiano* v. *Hyde McT. Co.*, 126 App. Div. 221; 194 N. Y. 524; *Simone* v. *Kirk*, 173 N. Y. 17; *Connolly* v. *H. & G. Const. Co.*, 192 N. Y. 187; *Kranz* v. *L. I. & C. Co.*, 123 N. Y. 1.)

*M. J. Wright* for respondent. There was no duty owing by defendant to provide a safe place to work. (*Citrone* v. *O'Rourke Eng. Const. Co.*, 188 N. Y. 339; *Stourbridge* v. *Bklyn. C. R. R. Co.*, 9 App. Div. 129; *Perry* v. *Rogers*, 157 N. Y. 251; *O'Connell* v. *Clark*, 22 App. Div. 466; *Mullin* v. *G. C. E. L. D. & G. Co.*, 202 N. Y. 275; *Arnold* v. *D. & H. C. Co.*, 125 N. Y. 15; *Shields* v. *N. Y. C. & H. R. R. R. Co.*, 133 N. Y. 557; *De Vito* v. *Crage*, 165 N. Y. 378; *Feola* v. *O. C. R. C. Co.*, 129 App. Div. 435.) The plaintiff assumed the risk, and if the defendant was guilty of negligence the plaintiff was guilty of contributory negligence. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Marsen* v. *Nichols Copper Co.*, 134 App. Div. 294; *Stewart* v. *Ferguson*, 34 App. Div. 515; *Logerto* v. *Central Building Co.*, 123 App. Div. 840; *Scott* v. *D., L. & W. R. R. Co.*, 148 App. Div. 697; *Feola* v. *O. C. R. Const. Co.*, 129 App. Div. 435; *Maltbie* v. *Belden*, 167 N. Y. 307.)

HISCOCK, J. The witnesses in this case were largely foreigners and not well acquainted with our language, and there was some confusion in the trial of the case so

that we are unable to determine with perfect accuracy just what facts the evidence tended to establish. Getting at this as best we can, however, it would appear that the jury might have found the following substantial facts:

The defendant was a contractor engaged in making an excavation. At the time of the accident this excavation had reached a depth of ten or twelve feet. On the top of the embankment thus formed there were part of a trunk and the roots of a tree. At least two days before the accident the roots had been uncovered and the entire mass was in a shaky, falling condition. The defendant seems to have had personal charge of the work, and at any rate his attention was called to this situation two days before the accident, but nothing was done to remedy it. The plaintiff came to work, for the first time after this situation arose, on the morning of the accident and defendant ordered him to go to work within a few feet of the tree. It did not appear that he noticed, so as to fully appreciate, the situation, for he was not at work on or in connection with the tree, and after he had been there a few moments the trunk slipped down upon him and injured him.

Under these circumstances we think that the jury might have found that the defendant had knowledge of the dangerous situation, and that he was guilty of negligence in that he neither remedied it nor gave the plaintiff any notice thereof or protection against the same when he ordered him to go to work at a point where he was liable to be injured. (*Simone* v. *Kirk*, 173 N. Y. 7; *Henry* v. *Hudson & Manh. R. R. Co.*, 201 N. Y. 140.)

The judgments of the Appellate Division and Trial Term should be reversed and a new trial granted, costs to abide event.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgments reversed, etc.