## FOURTH DEPARTMENT, MARCH, 1919.

MARY BUSICK HOLDEN, as Administratrix, etc., of HARRY BUSICK, Deceased, Respondent, v. THE VILLAGE OF ILION, Appellant.

*Negligence — question of employment — submission to jury — evidence — expert testimony.*

Appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Herkimer on the 11th day of February, 1918, and also from an order entered on the 23d day of February, 1918.

PER CURIAM: The trial court did not submit to the jury the question as to whose servant the deceased was at the time of the accident. Neither was the question as to whether or not the deceased was a volunteer, assisting Phillips, submitted to the jury. The respondent seeks to sustain the verdict on the authority of *Cannon* v. *Fargo* (222 N. Y. 321) on the theory that Busick was the servant of the State or of the railway company; also under the case of *O'Brien* v. *Buffalo Furnace Co.* (183 N. Y. 317) on the theory that the defendant was properly held liable even though Busick was a servant of the defendant. The trouble is that those questions were not submitted to the jury. It may be that the question was not properly raised by the defendant, but in view of the fact that it was clearly error to permit plaintiff's experts to testify that the explosion was caused by the wires coming into contact with the dry cell battery, we think that the judgment and order should be reversed and a new trial granted. It was also error to permit the witness Woodard to testify to the conversation which he had with Phillips. The judgment and order should be reversed and new trial granted, with costs to the appellant to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellant to abide event.