# Richmond

C. I. T. CORPORATION V. AMY ANDREWS GUY, ET ALS.

March 10, 1938.

Present, All the Justices.

The opinion states the case.

*Hodges & Dortch,* for the plaintiff in error.

No appearance for the defendants in error.

HOLT, J., delivered the opinion of the court.

This case deals with the lien of a conditional sales contract.

On May 19, 1936, Pierce Duco Shop of Spartanburg, South Carolina, sold to Harry H. Zaglin, a resident and citizen of that State, an automobile. To secure an unpaid balance of the purchase price, title was reserved. The contract of reservation was duly recorded in South Carolina and shortly thereafter, for value, was assigned to C. I. T. Corporation. On July 26, 1936, Zaglin, the purchaser, without the consent or knowledge of this vendor or its assignee, started in his car on a trip to Baltimore. On his way, and in Mecklenburg county in this State, he came into collision with another car owned and driven by Amy A. Guy, plaintiff below. She was injured and sued out before the trial justice of that county a foreign attachment, claiming damages therefor. It was duly matured, there was no appearance for the defendant, and judgment went for the sum of $1,000. To satisfy it, a sale of the automobile was ordered. On the 16th of October following, plaintiff in error, proceeding under Code, section 6407, appeared, and by a petition asked that this sale be stayed and that it be permitted to intervene. This the trial justice permitted. There was a hearing, the

prayer of the petition was denied, and the judgment first entered was confirmed. There was an appeal to the circuit court which on December 23, 1936, dismissed the petition and again ordered the automobile to be sold. From that order comes this appeal.

Conditional sales of automobiles is a practice widely adopted and are often financed by corporations organized for that purpose. That, as we have seen, was done in this case, and its good faith is not questioned.

In our approach, certain general principles of law, not novel but important, are to be remembered.

■ "Ordinarily, the validity and effect of a conditional sale, as regards both the parties and third persons, are governed by the law of the State in which the contract was made and where the property was then situated." 11 Am. Jur. p. 362.

■■ "The problem is complicated when the law of the State to which the property is removed requires filing or recording of such contracts as against third parties. When the contract of conditional sale does not contemplate removal of the property by the vendee, but later the vendee nevertheless removes the property to another State, in which the contract is not filed or recorded, the rights of the vendor are generally determined by whether or not he has consented to the removal of the property. Assuming that by the law of the place where a conditional contract of sale is made and where the property is then located, the reservation of title in the vendor is valid as between the parties and effective as against third persons, the vendor's title is good and will be enforced, as against innocent purchasers from, or creditors of, the conditional vendee, or persons having similar rights, who purchase, or levy upon, the property after its removal to another State, although the contract is not recorded or registered in that State in accordance with a local statute—not expressly or by clear implication applicable to contracts made out of the State, in respect of property subsequently brought into the State—at least if the removal of the property is not contemplated at the time the

contract is made, and its removal is without the knowledge or consent of the vendor." 11 Am. Jur. p. 364, Am. Law Inst. Restatement, Conflict of Laws, section 275.

█ The nature, validity and interpretation of contracts are governed by the law of the place where made, unless the contrary appears to be the express intention of the parties.

█ State statutes *ex proprio vigore* operate only within the limits of their several states.

"Statutes derive their force from the authority of the Legislature, and as a necessary consequence their effect will be limited to the boundaries of the State." Sutherland on Stat. Constr., sec. 218; *Richmond Standard Steel, etc., Co.* v. *Dininny,* 105 Va. 439, 53 S. E. 961.

█ Frequently, however, by courtesy or comity, they are given effect in foreign jurisdiction when they do not contravene public policy, are not immoral and violate no positive law of the forum. *Nelson* v. *Chesapeake, etc., R. Co.,* 88 Va. 971, 14 S. E. 838, 15 L. R. A. 583; 5 R. C. L., p. 911.

In *McComb* v. *Donald's Adm'r,* 82 Va. 903, 5 S. E. 558, it was held that a sub-vendee from a purchaser under a conditional sales contract could acquire no rights superior thereto although without notice of it, and in *Craig* v. *Williams,* 90 Va. 500, 18 S. E. 899, 44 Am. St. Rep. 934, it was held that a chattel mortgage executed in another State, located there and duly recorded, need not be recorded in Virginia upon a removal of property to this State, and that, under comity, the lien of this foreign chattel mortgage could be enforced here.

If plaintiff below is to prevail, it must be because of some present Virginia statute.

Very much in point is the case of *Osmond-Barringer Co.* v. *Eva A. Hey,* from the Law and Equity Court of the city of Richmond, 7 Va. Law Reg. (N. S.) 175. G. C. Short on March 15, 1920, purchased from the Osmond-Barringer Company of Charlotte, North Carolina, an Essex touring car under a conditional sales contract. A down-payment was made and notes executed for the balance of the pur-

chase money. This contract was duly recorded at Charlotte. Short then brought the car to Richmond and sold it to Hey, a resident of that city. Detinue proceedings were instituted by the vendor. There the plaintiff prevailed.

Judge Crump, after discussing the law laid down in *McComb* v. *Donald's Adm'r, supra,* and in *Craig* v. *Williams, supra,* analyzes the provisions of our statutes written into the Code of 1919 as sections 5189 and 5197. Section 5189, as amended by Acts 1923, Ex. Sess., ch. 159, is in part as follows:

"Every sale, or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereupon, is reserved, until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, where possession is delivered to the vendee, shall, in respect to such reservation and condition be void as to creditors of the vendee who acquire a lien upon the goods and as to purchasers from the vendee, for value, without notice, from such vendee * * *" unless duly executed and recorded in Virginia.

It was held that this section applied to intrastate movements of property only and did not cover conditional sales contracts which need not be recorded in Virginia, if duly recorded elsewhere. Obviously it could not be made to apply to cars in transit.

Section 5197 was enacted to meet the ruling in *Craig* v. *Williams.* It reads:

"No mortgage, deed of trust, or other encumbrance created upon personal property while such property is located in another State shall be a valid encumbrance upon said property after it is removed into this State as to purchasers for valuable consideration without notice and creditors unless and until the said mortgage, deed of trust, or other encumbrance be recorded according to the laws of this State in the county or corporation in which the said property is located in this State."

Judge Crump was of opinion that a conditional sale was not an encumbrance and so did not fall under the

ban of the statute. Chattel mortgages are encumbrances and to cover them is one of the reasons for its enactment.

It is perfectly true that this decision of Judge Crump is not controlling authority, but it is the considered opinion of a great judge, who afterwards became president of our Special Court of Appeals.

The distinction between chattel mortgages and conditional sales is pointed out in our own decisions. In *Exposition Arcade Corp.* v. *Lit Bros.,* 113 Va. 574, 75 S. E. 117, Ann. Cas. 1913D, 335, it was said that retention of title was but a chattel mortgage in short form. Judge Chichester, however, in *Virginia Fire & Marine Ins. Co.* v. *Lennon,* 140 Va. 766, 125 S. E. 801, 38 A. L. R. 186, pointed out that this was not necessarily true as to third parties. One who owns a chattel covered by a mortgage is its sole and unconditional owner, but where title is retained, he has in it only a beneficial or equitable interest. Only this interest can be sequestrated in attachment proceedings, unless there is failure to comply with some registration or recordation statute. *Seward & Co.* v. *Miller & Higdon,* 106 Va. 309, 55 S. E. 681.

Unless recordation is required by our Virginia statute, it is unnecessary even as against creditors or purchasers. 11 C. J. p. 510. We have seen that it was not.

Moreover, Zaglin's automobile was not "removed" to Virginia.

The Supreme Court of North Carolina had occasion to consider this particular statute (*W. H. Applewhite Co.* v. *Etheridge,* 210 N. C. 433, 187 S. E. 588, 590) and said:

"It should be noted that the statute under consideration refers to encumbrances on property 'after it is removed' into the State of Virginia, which would indicate that it was not intended to include encumbrances on property which was only transitorily or temporarily in the State. The word 'removed,' as used, implies not only the taking of the property into Virginia, but also the allowing of the property to come to rest therein—the gaining of a situs therein." *W. H. Applewhite Co.* v. *Etheridge,* 210 N.

C. 433, 187 S. E. 588; *Hare & Chase* v. *Tomkinson* (N. J.), 129 A. 396; *Forgan* v. *Smedal*, 203 Wis. 564, 234 N. W. 896.

Is there any South Carolina statute operating by comity in Virginia which requires us to reach a different conclusion?

■ ■ In addition to the statutes noted, the Motor Vehicle Code of Virginia also deals with this subject. Acts 1932, ch. 342, p. 613; Acts 1934, ch. 265, p. 380. Within its definition, a conditional sale is an encumbrance. *Piedmont, etc., Corp.* v. *Commonwealth,* 146 Va. 287, 135 S. E. 673. Registration cards and certificates of title are issued by the Division of Motor Vehicles. They and the liens thereon appearing are sufficient notice to creditors and purchasers and do not have to be recorded locally. This registration is required of residents and of non-residents who operate here. Obviously it was never intended to place the burden upon non-residents who are never in Virginia except upon some casual occasion.

Since there is no Virginia statute which can be successfully relied upon to defeat the finance corporation's claim, its priority must be protected unless some South Carolina statute, operating by comity, necessitates a different conclusion.

This is relied upon to produce that result.

"An act to further regulate the running of motor vehicles in this State.

"(1) When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, (2) the damage done to such person or property shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, (3) recoverable in any court of competent jurisdiction, (4) and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State: (5) Provided, that this act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when

the vehicle is securely locked." Laws of S. C., Act 1912, 27 Stat. at Large, p. 737.

Non-penal statutes of other States are by comity recognized in the enforcement of contracts. They are incorporated into and become a part of them. Such, for example, are those which impose a double liability upon stockholders. Cook on Corporations (6th Ed.), vol. 1, p. 585. This principle is general in its application, but has no application to the facts before us.

While the caption and headlines of a section are not a part of an act, they are valuable as indicative of legislative intent. *Chambers* v. *Higgins,* 169 Va. 345, 193 S. E. 531; *Wooding* v. *Leigh,* 163 Va. 785, 177 S. E. 310.

This act was intended to regulate the running of motor vehicles in South Carolina. It is a police regulation, designed to promote the safety of its inhabitants. *Merchants' & Planters' Bank* v. *Brigman, et al.,* 106 S. C. 362, 91 S. E. 332, L. R. A. 1917E, 925. There could have been no intention to give to it extra-territorial effect. Comity does not require the recognition of a statute intended by the legislature of its enactment to be local in its operation.

In *Cherwien* v. *Geiter* (1936) 272 N. Y. 165, 5 N. E. (2d) 185, 187, it appears that a minister living in Pennsylvania visited his son in Brooklyn, and while there loaned him his car which the son drove into New Jersey, where an accident occurred. In an action brought in New York, this statute was invoked:

"Every owner of a motor vehicle or motorcycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle * * * in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." (Vehicle and Traffic Law, Consol. Laws, ch. 71, section 59.)

The court said:

"That statute has no extraterritorial effect. The liability, if any, arising from the negligent operation of the car

sounds in tort. *Henry* v. *Hudson & Manhattan R. R. Co.,* 201 N. Y. 140, 94 N. E. 623."

If it has no extraterritorial effect, then none should be given to that of South Carolina.

■ In *Young* v. *Masci,* 289 U. S. 253, 53 S. Ct. 599, 601, 77 L. Ed. 1158, 88 A. L. R. 170, it appears that one in New Jersey lent his car to another who drove it into New York and suffered an accident. It was held that the New York statute should be applied since it was enacted to make safe New York highways and to protect inhabitants of that State. There the court in the course of its opinion restated this general rule which we have frequently followed: "Liability for a tort depends upon the law of the place of the accident." *Sutton* v. *Bland,* 166 Va. 132, 184 S. E. 231.

■ The car attached must be sold and out of the proceeds of sale there should be paid to the finance corporation the amount of its debt, $538.78, plus a fifteen per centum attorney's fee, together with costs incurred. If anything be then left, it must be applied on the judgment of the attachment creditor.

For reasons stated, the judgment of the trial court should be reversed, and it is so ordered.

*Reversed.*