# CIRCUIT COURT OF THE CITY OF NORFOLK

Arthur W. Anderson, III

 v.

Green-Gifford, Inc.

October 16, 2008

Case No. CL07-5344

BY JUDGE JUNIUS P. FULTON, III

  The Court has had an opportunity to consider the memoranda provided in support of the Defendant's Plea in Bar, the argument of counsel adduced at the hearing of October 7, 2008, and the applicable case law and authorities in consideration of the remaining issue from the last hearing. The issue is whether the vehicle received by Green-Gifford in a dealer exchange from a North Carolina dealership and considered "new" under North Carolina law, retained that new car status when it was sold to the plaintiff in Virginia.

  The question of whether the law of North Carolina or Virginia should apply when classifying this vehicle is necessitated by the fact that the vehicle was used as a demonstrator in North Carolina before it was delivered to Virginia to be sold to the plaintiff. Under NCGS § 20-286(10)(a), "a vehicle is considered new if it has never been the subject of a completed, successful or conditional sale that was subsequently approved other than between new motor vehicle dealers, or between ·manufacturer and dealer of the same franchise." However, under Va. Code § 46.2-1500, a vehicle is not considered new if it has been used as a demonstration vehicle.

  Green-Gifford argues that the vehicle sold to Anderson cannot be classified as a demonstrator under Virginia law, as it was not used as a demonstrator in Virginia, as required by Va. Code § 46.2-1500. Green-Gifford

seems to imply that the vehicle must have been used as a demonstrator in the Commonwealth of Virginia in order to be classified as used. However, the statute merely states that it "not be used as a demonstration motor vehicle" without any indication as to where such use must have taken place. Because this dispute between Green-Gifford and Anderson concerns a sale of a motor vehicle, the Court believes that the Uniform Commercial Code is implicated. Although Virginia courts have not explicitly held that a motor vehicle is included in the definition of a good under Va. Code § 8.2-105, several Virginia appellate courts have implicitly adopted this position by applying various provisions of the Virginia U.C.C. to contracts involving motor vehicle sales. *Manassas Auto Cars, Inc. v. Couch*, 274 Va. 82, 645 S.E.2d 443 (2007); *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 313 S.E.2d 384 (1984); and *Credit Acceptance Corp. v. Coates*, 75 Va. Cir. 267 (2008).

The U.C.C., as adopted by Virginia, dictates that, in the absence of a "choice of law" agreement between parties to a contract, "the rights and obligations of the parties are determined by the law that would be selected by application of this State's conflict of laws principles." Va. Code § 8.1A-301 (2008). In deciding conflict of laws issues, Virginia applies *lex loci contractus*, meaning that "the nature, validity, and interpretation of contracts are governed by the law of the place where [the contract was] made." *Black v. Powers*, 48 Va. App. 113, 128, 628 S.E.2d 546, 554 (2006) (quoting *C. I. T. Corp. v. Guy*, 170 Va. 16, 22, 195 S.E. 659, 661 (1938)). Further, the "law of the place of performance governs questions concerning the performance of a contract" and "the place of performance of a sales contract is usually considered to be the place where goods are delivered." *Madaus v. November Hill Farm, Inc.*, 630 F. Supp. 1246, 1248 (W.D. Va. 1986).

In this case, the sales contract between the Plaintiff and the Defendant does not include a choice of law provision (Plaintiff Ex. C), so the Court must look to the conflict of laws principles of the place where the contract was made or performed. The sales contract was executed in Virginia and the Plaintiff received the vehicle in Virginia. Because the contract was both executed in Virginia and performed in Virginia, Virginia law applies. Therefore, the vehicle would be considered "used" pursuant to Virginia Code § 46.2-1500.

It is my understanding that this decision resolves the only outstanding issue from the hearing of October 7, 2008. There still remains the defendant's demurrer and plea in bar which are currently scheduled for hearing on November 4, 2008. If this is not the case, please advise.