𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ELLIS V. TOWN OF COVINGTON.

November 15, 1917.

1. SUNDAY—*Acts 1916, page 751, Amending Section 3799 of the·
   Code of 1904—Violation a Misdemeanor.*—The act of Assem-
   bly, Acts 1916, page 751, re-enacting and amending section
   3799, Code of 1904, makes the violation of the Sabbath day,
   as prohibited by the act, a misdemeanor, thereby changing the
   rule announced in *Wells v. Commonwealth*, 107 Va. 834, 57 S.
   E. 588, where it was held that under the former statute the
   transgression was not a misdemeanor, and the forfeiture
   thereby imposed could only be recovered by a civil warrant.

2. STATUTES—*Time of Taking Effect—Repeal—Abolition of Bill of
   Exceptions.*—The act of March 21, 1916 (Acts 1916, page
   722), preserving bills of exception, was made an emergency
   act, and went into effect immediately and contained no repeal-
   ing clause, whereas the act of March 21, 1916 (Acts 1916,
   page 708), abolishing bills of exception, was not an emer-
   gency act, and, by constitutional provision (Constitution 1902,
   section 53, article IV), did not take effect until ninety days
   after the adjournment of the legislature; and it expressly re-
   pealed all statutes in conflict with it. Consequently, there was
   no antagonism between the two statutes. The emergency act
   was operative at once, and continued in force during the in-
   terval between its passage and the time at which the act abol-
   ishing bills of exceptions took effect, when it was immediately
   repealed.

3. BILL OF EXCEPTIONS—*Construction of Act Abolishing.*—The act
   abolishing bills of exception, now in force (Acts 1916, page
   708), was intended to simplify the procedure, and is very
   liberal in its provisions as to what shall constitute a sufficient
   certificate. While forms of certificates are prescribed by sec-
   tion 4 of the act, the next succeeding section declares, "that
   in all cases * * * it shall be sufficient that the trial judge,
   on the application of any party, shall certify the same simply
   and substantially in accordance with the provisions of this
   act." Other·provisions of the act are equally liberal. The
   mere form of the exception, therefore, even a formal bill of

exception under the former practice, will not prevent its consideration, if the provisions of the act are substantially complied with.

4. SUNDAY—*Sale of Coca-Cola.*—A Sunday ordinance of the town of Covington was substantially in the language of the act of Assembly (Acts 1916, page 751) amending and re-enacting section 3799 of the Code of 1904, and provided that, "If a person on the Sabbath day be found laboring at any trade or calling * * * except in household or other work of necessity, or charity, he shall be deemed guilty of a misdemeanor," etc.

*Held:* That the sale of soft drinks, including Coca-Cola, on Sunday, from a soda fountain by the holder of a restaurant license, was a plain violation of the ordinance. The defendant could not lawfully dispense soft drinks, even on a week-day, without license; and plainly could not, though licensed, ply his calling of selling such drinks on the Sabbath day in any way so as to escape liability under the ordinance.

Error to a judgment of the Circuit Court of Alleghany county, affirming a judgment of the mayor of the town of Covington imposing a fine for the violation of a city ordinance.

*Affirmed.*

The opinion states the case.

*W. E. Allen,* for the plaintiff in error.

*R. C. Stokes,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Plaintiff in error, Ellis, was convicted by the mayor of Covington for violation of a town ordinance in laboring at his trade or calling of selling Coca-Cola on the Sabbath day, and fined $5.00 and costs. On appeal the Circuit Court of Alleghany county sustained the conviction, and the case is here on writ of error to that judgment.

The ordinance in question is substantially in the lan-

guage of the act of Assembly amending and re-enacting section 3799 of the Code, and declares that, "If a person on the Sabbath day be found laboring at any trade or calling * * * except in household or other work of necessity, or charity, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than five dollars for each offense * * * Provided that for the purpose of this act, the delivery on the Sabbath day of ice cream manufactured on some day other than the Sabbath day shall be construed as a work of necessity." Acts 1916, p. 751.

It may be noted that this amendment, making such violation of the Sabbath day a misdemeanor, changes the rule announced in *Wells* v. *Commonwealth,* 107 Va. 834, 57 S. E. 588, where it was held that under the former statute the transgression was not a misdemeanor, and the forfeiture thereby imposed could only be recovered by a civil warrant.

Objection is made to reviewing the judgment in this case on the ground that the evidence is not part of the record, though it is conceded that it was certified by the trial judge in accordance with an act approved March 21, 1916. (Acts 1916, p. 708.) Yet it is said the legislature passed another act on the same day, preserving bills of exceptions (Acts 1916, p. 722); and that the two enactments are incompatible and neutralize each other.

The situation is this: The act last referred to was made an emergency act, and went into effect immediately, while the first mentioned act was not an emergency act, and, by constitutional provision did not take effect until ninety days after the adjournment of the legislature (Const., sec. 53, art. IV); and it expressly repealed "all statutes or parts of statutes in derogation of, or in conflict with, the provisions of this act." The other act contained no repealing clause. In these circumstances, there was no antagonism between the two statutes. The emergency act was

operative at once, and continued in force during the interval between its passage and the time at which the act abolishing bills of exceptions took effect, when it was immediately repealed. The act abolishing bills of exceptions, now. in force, was intended, however, to simplify the procedure, and is very liberal in its provisions as to what shall constitute a sufficient certificate. While forms of certificates are prescribed by section 4 of the act, the next succeeding section declares, "that in all cases * * * it shall be sufficient that the trial judge, on the application of any party, shall certify the same simply and substantially in accordance with the provisions of this act." Other provisions of the act are equally liberal. The mere form of the exception, therefore, even a formal bill of exception under the former practice, will not prevent its consideration, if the provisions of the act are substantially complied with.

On the merits of the case, we have no difficulty in affirming the judgment. Ellis was carrying on two well defined trades or callings under separate licenses. (1) He was conducting an eating house, or restaurant, the exercise of which business on the Sabbath day, admittedly, was not a violation of the ordinance; and (2) he was engaged in selling soft drinks (including Coca-Cola) from a soda fountain, the sale of which on the Sabbath day is a plain violation of the ordinance. Such beverages, though not spirituous or alcoholic, cannot be dispensed without a license; and they constitute a distinct class from coffee, tea and other unlicensed drinks, which are commonly used at meals with food. His attempt to justify the infraction of the ordinance on the plea that he did not serve Coca-Cola alone, but only in connection with meals, lunches and pie when called for by customers, is a palpable subterfuge and constitutes no defense. Coca-Cola is not within the class of beverages covered by the eating house or restaurant license. If it were, obviously a separate license would not

be necessary to authorize its sale. Ellis could not lawfully dispense soft drinks, even on a week-day, without license; and plainly could not, though licensed, ply his calling of selling such drinks on the Sabbath day in any way so as to escape liability under the ordinance.

The judgment is without error and is affirmed.

*Affirmed.*