# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## PIEDMONT FINANCE CORPORATION v. COMMONWEALTH OF VIRGINIA.

### November 18, 1926.

1. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Recording Lien—Case at Bar.*—Under the prohibition act (Acts of 1924, chapter 407, section 28; Code of 1924, section 4675 [28] ), an innocent lienor who has not complied with the act by having his lien duly recorded in the county or corporation in which the debtor resides, cannot defeat a forfeiture of the vehicle notwithstanding that the certificate of title issued by the Secretary of the Commonwealth under Acts of 1924, chapter 368 (Code of 1924, section 2154[2] ), showed the lien.

2. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Recording Lien.*—Under the provisions of the Acts of 1924, chapter 407, section 28 (Code of 1924, section 4675 [28] ) where a vehicle is forfeited for transporting liquor, the court at its discretion may relieve an owner or lienor from the forfeiture if he shows that he comes within all four requirements of the statute, as to ignorance of the illegal use, illegal use without his connivance, due recordation of the lien, and perfection of title to the vehicle if an automobile. These requirements appear in the conjunctive, and to omit any one of them is to deprive the court of all discretion in the matter of forfeiture.

3. INTOXICATING LIQUORS—*Whether Acts of 1924, Chapter 407, Section 28, Repealed by Acts of 1924, Chapter 368—Provisions as to Recordation of Title.*—Acts of 1924, chapter 368 (Code of 1924, section 2154 [2] ), providing for the registration of title to motor vehicles and that the certificate of title when issued by the Secretary of the Commonwealth showing a lien or encumbrance shall be deemed adequate notice to the public that a lien exists and that a recording of such reservation of title in the county or city wherein the lienor resides or elsewhere, shall not be required, does not repeal Acts of 1924 chapter 407, Code of 1924, section 4675 (28) providing that there shall be no relief from forfeiture unless the lienor has, prior to the commission of the offense, recorded his lien in the county or corporation in which the debtor resides.

4. STATUTES—*Pari Materia—Construction so that Both Statutes May Stand.*—It is a settled rule of construction that all statutes in *pari materia* should be read and construed together as if they formed

parts of the same statute and were enacted at the same time, and where there is a discrepancy or disagreement between them such interpretation should be given as that all if possible may stand together.

5. Statutes—*Repeal—Presumption Against Repeal.*—There is always a presumption more or less strong, according to circumstances, that a statute is not intended to repeal a prior statute on the same subject, unless it does so in express terms.

Error to a judgment of the Circuit Court of Augusta county, in a proceeding to forfeit an automobile under the prohibition act. Judgment for the Commonwealth. Claimant assigns error.

*Affirmed.*

The opinion states the case.

*W. Earle Crank,* for the plaintiff in error.

*John R. Saunders, Attorney General, Lewis H. Machen* and *Leon M. Bazile, Assistant Attorneys General,* for the Commonwealth.

Chichester, J., delivered the opinion of the court.

The writ of error awarded in this case brings before this court for review an order entered by the Circuit Court of Augusta county, forfeiting to the Commonwealth a Ford automobile seized while it was being used in transporting ardent spirits in that county.

The Piedmont Finance Corporation was the holder of a lien upon the car at the time of the forfeiture and, upon the filing of the information, filed its answer in which the allegations were accepted as true by the attorney for the Commonwealth and the case was submitted to the court upon the following agreed statement of facts, for its decision, without the intervention of a jury: "That the said automobile was seized on the

1st day of July, 1925, in Augusta county, Virginia, by Forest T. Taylor, deputy sheriff of Augusta county, Virginia, at which said time the said automobile was being used and engaged by L. P. Claytor in transporting ardent spirits, and that the said automobile is now held by said deputy sheriff by virtue of such seizure pending forfeiture proceedings against the said car.

"That the said automobile was sold by the Wayne Motor Sales Company to L. P. Claytor on April 11, 1925, at which time a reservation of title contract, sometimes called a conditional sales agreement, was duly executed by the said vendor and the said purchaser, covering the said automobile for the balance of the purchase price, amounting to $423.00, by which title to the said car was reserved until the said balance due should be paid in full, which said reservation of title contract was thereupon sold and assigned and duly transferred.

"That the said Piedmont Finance Corporation is now the holder and owner of the said lien and that there is now a balance due thereon of $360.31.

"That at the time the said reservation of title contract was acquired by the said Piedmont Finance Corporation it diligently inquired as to whether the said purchaser was then suspected of violating the prohibition law, and that it received no information that he was then so suspected.

"That the said contract expressly stipulated that the said car should not be used in the transportation of ardent spirits during the life of the said lien.

"That on the 8th day of May, 1925, the Motor Vehicle Commissioner of Virginia issued to L. P. Claytor a certificate of title for the said car which said certificate showed a lien on the said car for $423.00 in favor of the said Piedmont Finance Corporation, of Louisa,

Virginia, and that the said certificate of title was duly delivered to the said lienor and is now held by it.

"That the said L. P. Claytor resided in the county of Augusta, Virginia, and that the said conditional sales agreement was not recorded in said county, or elsewhere, except in the office of the said Motor Vehicle Commissioner in accordance with chapter 368, Acts of Assembly 1924.

"That the said lienor was ignorant of the illegal use to which the said car was put and that such illegal use was without its connivance or consent, express or implied.

"That the value of said car is $370.31."

The contention of the Commonwealth is that the failure to record the conditional sales contract in the county of Augusta is a bar to the relief of the lienor from the forfeiture, because the prohibition act (section 28 of chapter 407, Acts 1924) provides that whenever any automobile, etc., is seized while transporting ardent spirits it "*shall be forfeited to the Commonwealth*" (italics supplied), etc., and then it provides in order to defeat forfeiture the lienor (or owner) must show to the satisfaction of the court: (1) That he was ignorant of the illegal use to which the vehicle was put; (2) that its illegal use was without connivance or consent, express or implied; (3) that such lienor has, prior to the commission of such offense, *duly recorded in the county or corporation in which the debtor resides, the instrument creating such lien* (italics supplied); and (4) that said innocent owner has perfected his title to the vehicle, if the same is an automobile, by proper transfer in the office of the Secretary of the Commonwealth as provided by law, then such court shall have the right to relieve such owner or lienor from the forfeiture herein provided.

The lienor, while coming within the provisions of the acts in all other respects, failed to comply with the third requirement thereof.

His contention is that this provision of the act was repealed by an act of the General Assembly which was approved on the same day the prohibition act was approved (May 20, 1924) but which became effective a few days later, to wit: On July 1, 1924, which provides for the registration of the title to motor vehicles, and reads as follows: "Said certificate of title, when issued by the Secretary of the Commonwealth showing a lien or encumbrance, shall be deemed adequate notice to the public that a lien against the motor vehicle exists and the recording of such reservation of title in the county or city wherein the purchaser resides or elsewhere is not necessary and shall not be required. The charge for each original certificate of title so issued and registration of such motor vehicle shall be one dollar." Section 2.

The learned trial judge fully answered this contention in the order forfeiting the car where it is said: "And the court, after hearing argument, being of opinion that the motor vehicle act applies to the civil rights of the parties, whereas the prohibition act applies to the violation of the law, and that the acts are not in conflict and that the said prohibition act, with reference to the recordation of liens is in no way repealed by the said motor vehicle act, and that therefore the said lien is not properly recorded so as to entitle the said lienor to relief from the forfeiture, doth overrule the said motion of the said Piedmont Finance Corporation, by its attorney."

[1, 2, 3] The car is forfeited by the earliest provision of the act (*Mason* v. *Commonwealth*, 137 Va. 819, 120 S. E. 133), but the court at its discretion may relieve an owner or lienor from the forfeiture if he shows that

he comes within all four requirements of the statute as set out above. They appear in the conjunctive, and to omit any one of them is to deprive the court of all discretion in the matter of forfeiture. When the lienor here failed to show by the evidence that he had complied with the third requirement of the statute his right to relief was lost. The two acts were approved on the same day (March 20, 1924). It is manifest that the legislature did not intend that they should be in conflict, not only because, as heretofore stated, their purposes were entirely different, but it is clear that the legislature had the motor vehicle act in mind when the prohibition act was approved, because among the requirements to relieve from forfeiture under the latter act is a provision of the first act specifically referred to, viz: That the owner *shall* have perfected his title to the vehicle, if the same is an automobile, by proper transfer in the office of the Secretary of the Commonwealth, *as provided by law.*

[4, 5] This court said in *S. & W. R. Co.* v. *Commonwealth*, 104 Va. 314, 321, 51 S. E. 824, 826: "It is a settled rule of construction that all statutes in *pari materia* should be read and construed together as if they formed parts of the same statute and were enacted at the same time, and where there is a discrepancy or disagreement between them such interpretation should be given as that all if possible may stand together. * * *" And again, in *City of Richmond* v. *Drewery-Hughes Co.*, 122 Va. 178, 90 S. E. 635, 94 S. E. 989: "There is always a presumption more or less strong, according to circumstances, that a statute is not intended to repeal a prior statute on the same subject, unless it does so in express terms."

The judgment of the circuit court is plainly right and is affirmed.

*Affirmed.*

BURKS, J., dissenting:

I think it may be safely assumed, without contro-
versy, that forfeitures are not favored and will not be
enforced unless plainly required; that there is always a
legislative intent to express statutes in language readily
understood by persons of average intelligence; and that,
in the interpretation of penal statutes, if there is an
apparent conflict between two statutes, or doubt as to
which is applicable, the citizen is entitled to the benefit
of that doubt.

In *Enoch* v. *Commonwealth,* 141 Va. 411, 436, 126
S. E. 222, 230, it is said: "If there is a reasonable doubt
about this construction of the statute, the accused is
entitled on appeal to the benefit of it, for he is as much
entitled, at least in this court, to the benefit of a reason-
able doubt about the law as about the facts."  See also
*Rand* v. *Commonwealth,* 9 Gratt. (50 Va.) 738, 742.

In *Sutherland* v. *Commonwealth,* 109 Va. 834, 835,
65 S. E. 15, 23 L. R. A. (N. S.) 172, 132 Am. St. Rep.
949, it is said: "No man incurs a penalty unless the
act which subjects him to it is clearly within the spirit
and letter of the statute which imposes such penalty.
There are no constructive offenses, and before a man
can be punished his case must be clearly and unmistak-
ably within the statute."

In 1924, the legislature enacted two statutes, ap-
proved the same day, each intended, amongst other
things, for the protection of *bona fide* owners or lienors
of motor vehicles.  One of these was the prohibition
statute which required the *lienor* to record his lien in
the county in which the debtor resided, or if be claimed
as *owner* by proper transfer under the motor vehicle
law.  This statute contained no emergency clause and
hence went into effect ninety days after the adjourn-

ment of the legislature, which adjourned *sine die*, March 18, 1924. See Acts 1924, pages 593, 603, 773. The other statute was the motor vehicle statute. Acts 1924, page 523. Section 2 of this act required a certificate of title for motor vehicles. Among other provisions of this section is the following: "Said certificate of title, when issued by the Secretary of the Commonwealth (now Motor Vehicle Commissioner) showing a lien or encumbrance, shall be deemed adequate not ce to the public that a lien against the motor vehicle exists and *the recordation of such reservation of title in the county or city wherein the purchaser resides or elsewhere is not necessary and shall not be required.* (Italics supplied.) This act by its express terms took effect July 1, 1924, and repealed all acts and parts of acts in conflict therewith. The words "parts of acts" are significant.

Under the holding of this court in *Ellis* v. *Town of Covington*, 122 Va. 821, 823-4, 94 S. E. 154, the latter act repealed the inconsistent provision of the prohibition act.

It appears from the record that a certificate of title, in accordance with section 2 of the motor vehicle statute, was issued to L. P. Claytor on May 8, 1925, showing "a reservation of title contract, sometimes called a conditional sale agreement," in favor of Piedmont Finance Corporation, the present claimant, for $423.00, and that the vehicle was seized while carrying ardent spirits on July 1, 1925. The record further shows that the lienor had complied with all of the other provisions of the prohibition act.

The sole question is whether or not the above mentioned compliance with section 2 of the motor vehicle act was sufficient. I can only say for myself, if I had read that section I should not have deemed it necessary

to look for any other statute on the subject, unless of later date, and independently of *Ellis* v. *Town of Covington*, I should have regarded the certificate as sufficient. In the light of that case, can it be said that the Piedmont Finance Corporation is "clearly and unmistakably" within the statute "requiring recordation" in the county within which the debtor resided? I think not.

If the trial court was right in holding that the motor vehicle act applied to the civil rights of the parties, I am at a loss to know why he did not so apply it, as the only right asserted by the plaintiffs in error is a civil right.