# Wytheville.

## T. J. SHEPHERD v. F. J. KRESS BOX COMPANY, ET ALS.

June 12, 1930.

Absent, Prentis, C. J., and Epes, J.

The opinion states the case.

*James Mann* and *Chas. Hall Davis*, for the plaintiff in error.

*J. Gordon Bohannan*, for the defendants in error.

HOLT, J., delivered the opinion of the court.

In 1903 the F. J. Kress Box Company was organized and chartered as a joint stock corporation under the laws of the State of Pennsylvania, with its principal office in Pittsburgh, in that State.

On June 19, 1908, there was incorporated in Virginia

by the same people another joint stock company bearing the same name, designed to carry on business of the same character with its principal office at Petersburg.

These companies were close corporations, were both controlled by F. J. Kress and were operated from the Pittsburgh office. Their affairs were to a certain extent mingled and it is charged that some of the assets of the Virginia company were improperly transferred to the Pennsylvania corporation, which transfer, it is claimed, has tended to defeat a just debt due to the plaintiff from the Virginia company for services rendered by him to it before and after its dissolution.

In the fall of 1924 the stockholders of the Virginia corporation proceeded in the manner provided for by law to dissolve it. Code, section 3810. The certificate of dissolution bears date November 3, 1924. Plaintiff states that he knew nothing about this, but worked for it then and afterwards under an antecedent contract.

The writ was placed in the hands of the officer on October 7, 1927, so suit was commenced on that date (Code, section 6061; Burks Pl. & Pr. [2d ed.] pages 390-1), or within a few days of the expiration of the three year period from the the date of dissolution ordered by the State Corporation Commission at the instance of stockholders, and the bill was filed on November 21, or after that date. It named as defendants "F. J. Kress Box Company, Virginia Corporation, a corporation under the laws of the State of Virginia; F. J. Kress, Paul C. Kress and Mary Kress, Directors of said F. J. Kress Box Company, Virginia Corporation, and as such trustees of said Virginia Corporation; F. J. Kress, individually; and F. J. Kress Box Company, a Pennsylvania Corporation."

All of them except the Virginia corporation were non-residents. There was no personal service of process on

any of them and no general appearance. They did appear specially and asked that the suit be dismissed as to them for want of jurisdiction. It appeared from an inspection of the record that the proceedings were *in personam* and not *in rem*, or on attachment, and since these defendants were not actually before the court voluntarily, or on proper personal process, they were dismissed from this litigation by order of date March 15, 1928.

Thereafter, Mr. J. Gordon Bohannan made in writing this suggestion to the court:

"The undersigned, an attorney at law, practicing in your Honor's court, respectfully represents that upon the institution of this suit and the service of process to answer the bill of complaint to be filed herein, he was retained by F. J. Kress Box Company, Virginia Corporation, one of the defendants named in the writ, to represent the said corporation.

"It appears from the allegations of the bill filed herein at the second November Rules, 1927, and from Exhibit 16 filed therewith, that the said corporation was dissolved by an order of the State Corporation Commission of Virginia on the 3d day of November, 1924.

"The said process was served within the period of three years from the date of such dissolution. But the said period of three years from the date of such dissolution having now expired and having expired before the bill was filed, the final dissolution of the said corporation for all purposes is suggested to the court.

"J. GORDON BOHANNAN,
"Attorney at Law."

Argument was held on this suggestion and a decree entered on the second day of October, 1928, abating the said suit as to the said Virginia corporation, and ordering that it be removed from the docket at the cost

of the plaintiff. It is from that decree of October 2, 1928, dismissing the suit as to the Virginia corporation, that this appeal is taken.

█ Having reached the conclusion that it was without jurisdiction, the court did not undertake to pass upon the merits of the plaintiff's case. We will, for the purposes of this appeal and for those purposes only, assume that it is meritorious. If jurisdiction is established, the cause must be fought out in the trial court, and if there is no jurisdiction, the plaintiff is without remedy here or there.

Plaintiff contends that *quoad* this suit there has been no dissolution and in support of that claim we are cited to the Virginia statutes under which Virginia corporations are created and by which they are controlled.

█ "By the principles of the common law, in the absence of any saving statute, the dissolution of a corporation has the effect of abating all actions pending against the corporation at the date when the dissolution takes effect." 10 Cyc., page 1314.

"It is too well settled to admit of any controversy that unless there is a statute to the contrary, actions by a corporation abate upon its dissolution; and it is equally well settled that actions against a corporation abate where it is dissolved pending the action." 8 Fletcher Cyc. Corp., section 5613. *Rider* v. *Nelson & Albemarle Union Factory*, 7 Leigh (34 Va.) 156, 30 Am. Dec. 495; *May* v. *State Bank of N. C.*, 2 Rob. (41 Va.) 56, 40 Am. Dec. 726.

If we take the Code provisions, disassociated from their history, as they stood when this suit was brought, no insuperable difficulty is presented.

██ In the construction of its provisions, it is to be remembered that the Code itself is a single act of the legislature. "The different sections should be regarded,

not as prior and subsequent acts, but as simultaneous expressions of the legislative will." 36 Cyc. 1167. *Dillard* v. *Thornton*, 29 Gratt. (70 Va.) 392, 396. All provisions there appearing which deal with the same subject should be construed together and reconciled whenever possible. *Piedmont, etc., Corp.* v. *Commonwealth*, 146 Va. 287, 135 S. E. 673.

█ We do not search through the history of statutes for difficulties not patent on their face, but take them first as they are written into the Code itself. If when so read they are reasonably clear, that suffices.

Code, section 3810, deals with dissolutions at the instance of stockholders, and contains these provisions among others:

"Whenever all the stockholders shall consent in writing to the dissolution no meeting or notice thereof shall be necessary, but on filing the said consent in the office of the State Corporation Commission, the said Commission shall issue a certificate of dissolution, and the said corporation shall thereupon stand dissolved and the said board shall proceed to settle up and adjust the business and affairs of the said corporation; but no such dissolution shall affect the rights of any creditor of the said corporation existing at the time of such dissolution. * * *

"All corporations, whether they expire by their own limitations or are otherwise dissolved, shall, nevertheless, be continued for such length of time, not exceeding three years, from such dissolution or expiration as may be necessary for the purpose of prosecuting and defending suits by or against them, and enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which said corporation shall have been established. If the

affairs of any such corporation shall not be wound up by its directors within three years from such dissolution or expiration, they shall be wound up in the manner provided by section thirty-eight hundred and thirteen."

▮ Here, by statute, the corporation, so far as new ventures are concerned, stands dissolved when a certificate of dissolution at the instance of stockholders is issued by the State Corporation Commission, but this is not true so far as it touches the rights of existing creditors. Under section 3810 they have for three years the same right to sue which they always had. *Bewick* v. *Alpena Harbor Improvement Co.*, 39 Mich. 700.

What is the statutory status of suits by such creditors brought before the expiration of the three years? It is fixed by Code, section 3815:

"If any corporation organized under the laws of this State becomes dissolved by the expiration of its charter or otherwise before final judgment obtained in any action pending or commenced in any court of record of this State against any such corporation, the said action shall not abate by reason thereof, but the said action shall proceed to final judgment against such corporation, notwithstanding such dissolution."

It is there expressly declared that pending suits shall not abate when a corporation is dissolved; such "action shall proceed to final judgment."

▮ The corporation, so far as this plaintiff creditor was concerned, was not dissolved when this suit was brought, and so, under sections 3810 and 3815, the suit did not abate.

For reasons stated, we are of opinion that the trial court had jurisdiction, and that the decree of October 2, 1928, should be reversed, and it is so ordered. ·

*Reversed and remanded.*