# Richmond

## M. G. FRANCISCO V. COMMONWEALTH OF VIRGINIA.

December 7, 1942.

Record No. 2633.

Present, Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*George E. Haw* and *Andrew J. Ellis,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Edwin B. Jones, Assistant Attorney General,* for the Commonwealth.

Eggleston, J., delivered the opinion of the court.

M. G. Francisco, hereinafter called the defendant, was convicted of violating the Sunday law (Code 1919, section 4570, as amended by Acts 1932, ch. 328, p. 596) and fined $5.00. The indictment charged the defendant with laboring at his trade and calling by keeping open and maintaining a business for the sale of beer and by selling beer on Sunday. It negatived the fact that this was household work or other work of necessity.

The defendant is a country merchant operating a general store in Hanover county, where he sells general merchandise, gasoline and oil, cigarettes, cigars and tobacco, soft drinks, sandwiches, beer and wine under appropriate licenses. He did not operate his general merchandise business on the Sunday in question, but did sell gasoline and oil, cigarettes

and tobacco, soft drinks and ice cream, and beer. This he had done openly on previous Sundays. No complaint was lodged against him for the sale of articles other than beer. There is no suggestion that these sales resulted in disorderly conduct; indeed, the evidence is quite to the contrary.

It developed that throughout Hanover county, which is just north of Richmond, and through which several arterial State highways run, restaurants, filling stations, and the like habitually sell such articles as sandwiches, beer, wine, soft drinks, cigars, cigarettes and tobacco to the local trade, picnickers, tourists, and the traveling public on Sunday. The tourists particularly demand beer on Sundays as well as on other days. Pursuant to this demand at least eighty per cent of those licensed to sell beer in the county sold it openly on Sundays.

The defendant offered to prove that the board of supervisors of the county had considered but failed to adopt an ordinance prohibiting the sale of beer on Sundays pursuant to the Act of 1938, ch. 129, p. 194, as amended by Acts 1940, ch. 25, p. 29 (Michie's 1940 Cum. Supp. to Code of 1936, section 4675(83b) ). On objection this evidence was excluded by the trial court.

The defendant contended that the evidence submitted and that excluded raised a question of fact for the jury, under proper instructions, whether or not the sale of beer on Sundays was a work of necessity within the exception in the statute.

The trial court held that the sale of beer on Sunday was, as a matter of law, not a work of necessity within the meaning of the statute, refused all instructions tendered by the defendant, and instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant kept open and maintained a business for the sale of beer and sold beer on the Sunday in question, they should find him guilty. In this situation a verdict of guilty necessarily followed.

Code, section 4570, as amended by Acts 1932, ch. 328, p. 596, reads as follows:

"If a person on a Sunday be found laboring at any trade or calling, or employ his apprentices or servants in labor or other business, except in household or other work of necessity or charity, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than five dollars for each offense. Every day any person or servant or apprentice is so employed shall constitute a distinct offense and the court in which or the justice by whom any judgment of conviction is rendered may require of the person so convicted a recognizance in a penalty of not less than one hundred or more than five thousand dollars, with or without security, conditioned that such person shall be of good behavior, and especially to refrain from a repetition of such offense, for a period not exceeding twelve months. This section shall not apply to furnaces, kilns, plants and other business of like kind that may be necessary to be conducted on Sunday, nor to the sale of gasoline, or any motor vehicle fuel, or any motor oil or oils."

In a written opinion, made a part of the record, the trial court took the view that in *Hanger* v. *Commonwealth*, 107 Va. 872, 60 S. E. 67, and in *Ellis* v. *Covington*, 122 Va. 821, 94 S. E. 154, this court had decided that as a matter of law the sale of soft drinks, cigarettes and tobacco on Sunday was a violation of the statute, that this principle applied to the sale of beer on Sunday, and that these decisions were binding on the *nisi prius* courts of the Commonwealth. Having reached the conclusion that the sale of beer on Sunday was as a matter of law not a work of necessity, it logically followed that the only question to be submitted to the jury was whether the defendant had made such sales on that day.

The defendant claims that the cases of *Hanger* v. *Commonwealth*, *supra*, decided in 1908, and *Ellis* v. *Covington*, *supra*, decided in 1917, had been modified, if not overruled, by the later cases of *Lakeside Inn Corp.* v. *Commonwealth*, 134 Va. 696, 114 S. E. 769; *Pirkey Bros.* v. *Commonwealth*, 134 Va. 713, 114 S. E. 764, 29 A. L. R. 1290, both decided in 1922; *Crook* v. *Commonwealth*, 147 Va. 593, 136 S. E. 565,

50 A. L. R. 1043, decided in 1927; and *Williams* v. *Commonwealth*, 179 Va. 741, 20 S. E. (2d) 493, decided in 1942.

So much of the opinion in *Hanger* v. *Commonwealth*, *supra*, as is here pertinent, deals with a *quo warranto* proceeding brought for the purpose of forfeiting a charter granted to the Crawford Social Club, Inc. The Commonwealth successfully contended that the charter of the club had been obtained for the fraudulent purpose of giving to the incorporators the privilege of selling tobacco, cigars, cigarettes, soda water, and other soft drinks on Sundays. This court held that since an individual could not engage in the business of selling such articles, in violation of the Sunday law, a corporation could not be lawfully chartered for such purpose. It seems to have been conceded for the purpose of that case that the sale of such articles was a violation of the statute. Certainly there was no discussion of the proper construction of the statute and no principles of law with respect thereto were laid down.

In *Ellis* v. *Covington, supra*, the defendant was convicted of selling Coca-Cola on Sunday in violation of a town ordinance which partly paralleled the present State statute (Code, section 4570, as amended). In a single paragraph and without discussing the statute or the meaning of the word necessity, the judgment of the trial court was affirmed.

Hence, neither of these opinions is helpful in arriving at the proper interpretation of the statute. Indeed, they were not referred to in the later decisions of this court dealing with the question.

Although this statute was enacted in 1779 (12 Hen. St. 336-7), the first full and satisfactory discussion of it is found in the opinion of Judge Burks in *Pirkey Bros.* v. *Commonwealth, supra*. There the defendants had been convicted by a jury of violating the statute by keeping open for tourists on Sunday a cavern in Augusta county. The conviction was sustained.

In an exhaustive opinion Judge Burks gives the background and history of the statute and reviews many cases construing similar laws in other jurisdictions. He points out

(134 Va., at page 717) that the statute "cannot be enforced as a religious observance," as that is forbidden by our Declaration of Religious Freedom, incorporated in our Bill of Rights, Constitution, section 16, and Jefferson's Statute of Religious Freedom, now incorporated in Code, section 34, but that it is enforceable as a valid exercise of the police power of the State; that the purpose of the statute is to protect all persons from the physical and moral debasement which comes from uninterrupted labor, the necessity for which is recognized by legislation, both State and Federal (134 Va., at pages 724, 725).

These principles have been upheld by numerous decisions from other jurisdictions. See, 25 R. C. L., Sundays and Holidays, sec. 4, pp. 1414-15; sec. 6, p. 1416; 60 C. J., Sundays, sec. 7, pp. 1029-30; sec. 8, p. 1030; sec. 9, pp. 1032-34.

The opinion points out that, "No fixed and unvarying definition of 'necessity' as used in the statute can be given. What may be a necessity in one place may not be in another" (134 Va., at page 723); that "The statute should also be construed in the light of the age in which we live, recognizing the fact that there are things which the community regard as necessary that were not necessities when the statute was first enacted" (134 Va., at page 726); and "that what is or is not a necessity is generally a question of fact for the jury and not one of law for the court" (134 Va., at page 726).

The principles laid down in this case were approved in *Lakeside Inn Corp.* v. *Commonwealth, supra,* in *Crook* v. *Commonwealth, supra,* and in *Williams* v. *Commonwealth, supra.*

In *Lakeside Inn Corp.* v. *Commonwealth, supra,* it was held that it was a question of fact to be determined by the jury, and not a question of law to be determined by the court, whether the operation of a swimming pool on Sunday, near the city of Roanoke, was or was not a work of necessity. There a judgment of conviction was reversed.

In *Crook* v. *Commonwealth, supra,* it was held to be a jury question, under proper instructions, whether the playing

of baseball by professional players on Sunday was or was not a work of necessity. There a judgment of conviction pursuant to a jury's verdict was sustained by three members of the court, while in a dissenting opinion two members were of the view that the accused parties were not laboring at their trade, as prohibited by the statute, but were engaged in sport.

In *Williams* v. *Commonwealth, supra,* a judgment of conviction for operating a moving picture theatre on Sunday was reversed on the ground that under the peculiar facts of the case the work was one of charity permitted by the statute. Two of the justices took the view that whether such work was one of necessity was a question for the jury under proper instructions, while three, including the author of the present opinion, thought that furnishing such means of recreation was a work of necessity within the statute. The Chief Justice was of opinion that the judgment should have been affirmed.

In *Pirkey Bros.* v. *Commonwealth, supra,* Judge Burks wrote (134 Va., at page 723): "In an early Massachusetts case (*Flagg* v. *Millbury*, 4 Cush. 243) it was said that the necessity meant was not a physical and absolute necessity, but a moral fitness or propriety of the work and labor done under the circumstances of each particular case, * * * ." He pointed out that this definition had been adopted in a number of States. See also, 60 Corpus Juris, sec. 26, p. 1052.

In *Lakeside Inn Corp.* v. *Commonwealth, supra,* Judge Burks said (134 Va., at page 701): "It is the function of the court to interpret the statute, but when this has been done, it is usually the function of the jury, as the representative of the morality of the community, to determine 'the moral fitness or propriety of the work' in question." These principles were quoted with approval in the later cases of *Crook* v. *Commonwealth, supra,* and *Williams* v. *Commonwealth, supra.*

While we adhere to the view that the necessity meant is not "a physical and absolute necessity," we are not satisfied with the qualification of "moral fitness or propriety of the

work and labor done," or that the necessity is to be determined by whether the jury thinks that the work in question "is morally fit and proper to be done on Sunday." While Judge Burks suggests (134 Va., at page 723) the need for defining these expressions, he makes no attempt to clarify them. Moreover, we have searched in vain through a number of the other decisions applying the Massachusetts definition for some guide in determining what work is or is not "morally fit and proper" to be performed on the Sabbath.

In our opinion these words tend to confuse rather than to clarify the definition of necessity. Certainly, they are too broad. A jury composed of residents of a city might think that it was "morally fit and proper" to keep open and operate a department store on Sunday. Or a country jury might not think it morally unfit for a farmer to plow his field on Sunday. For, aside from the proper Sunday observance, there is nothing immoral in doing such work. And yet no one would contend in this day that either was a work of necessity within the meaning of the statute. Likewise, how can it be said that the operation of a swimming pool is a work either morally fit or morally unfit to be done on the Sabbath?

Moreover, it is difficult to understand how a particular work may be moral and fit in one community and immoral and unfit in another. And yet, on the other hand, all of the authorities agree that a particular work may be a necessity in one community and not in another, depending upon the peculiar circumstances of the case.

■ ■ While we realize that the words are difficult to define, we think the following is a more practical definition: The work of necessity covered by the exception in the statute is not merely one of absolute or physical necessity, not merely something required to furnish physical existence or safety of person or property, but embraces as well all work reasonably essential to the economic, social or moral welfare of the people, viewed in the light of the habits and customs of the age in which they live and of the community in which they reside. While the word necessity is elastic

and relative, and should be construed with reference to the conditions under which we live, the elasticity should not be extended so far as to cover that which is merely desirable and not reasonably essential.

Whether the act or work done in a particular case is reasonably essential to the economic, social or moral·welfare of the people is ordinarily a question of fact for the jury and not a question of law for the court.

Viewed in the light of what we have said, we think the trial court erred in holding that the sale of beer on Sunday, in the case at bar, was, as a matter of law, not a necessity in· the community served by the defendant's business. Of course, it was not a necessity in the narrow sense that it was essential to the physical existence of a particular person or group of persons. But under the evidence presented it was for the jury and not the court to say whether such Sunday sale was or was not reasonably essential to the economic, social or moral welfare of the community.

We agree with the trial court that, in so far as the Sunday law is concerned, the sale of beer cannot be distinguished in principle from the sale of soft drinks, cigarettes or tobacco. But because the conduct of such a business was held, as a matter of law, not to be a work of necessity in *Hanger.* v. *Commonwealth, supra,* in 1908, and in *Ellis* v. *Covington, supra,* in 1917, it does not necessarily follow that such a business is to be outlawed in every community in the State, regardless of the surrounding circumstances and the present-day mode, habits and demands of a particular community. To adhere to that view is to shut our eyes to the known fact that the habits, customs, demands and necessities of the people, in some if not all the communities throughout the State, have undergone a change in the past twenty-five years.

Many acts which were condemned in the past are now universally recognized as being works of necessity. Were it not for the recorded cases, one might be surprised to know that in the past persons have been convicted under the Sunday law for feeding livestock on a farm, for riding to a funeral, for traveling to visit sick friends, for riding to divine

worship, as well as for operating trains and telegraph lines, carrying the mail, and printing newspapers.

That the legislature itself did not intend that the sale of beer on Sunday should be prohibited, as a matter of law, is, we think, shown by its recent enactments. By the Act of 1938, ch. 129, p. 194, as amended by Acts 1940, ch. 25, p. 29, (Michie's 1940 Cum. Supp. to Code of 1936, sec. 4675(83b) ), the boards of supervisors of counties and the governing bodies of cities and towns were authorized to adopt ordinances prohibiting the sale of beer and wine, or either beer or wine, between the hours of twelve o'clock midnight on Saturday and six a. m. on Monday.

If the Sunday law (Code, section 4570, as amended) prohibited the sale of beer on Sunday throughout the State, why the necessity of local legislation on the subject?

But that is not all. The act goes further and authorizes the governing bodies of the localities to fix the hours between twelve o'clock midnight on Saturday and six a. m. on Monday during which wine and beer, or either, might be sold. It closes with the proviso that no such local ordinance shall be construed as in any way altering, amending or repealing Code, section 4570. This proviso, we think, clearly indicates that the legislature was fully aware that the sale of beer on Sunday might or might not be a violation of Code, section 4570, depending on the circumstances pertaining in each locality, under the holding of this court in *Pirkey Bros.* v. *Commonwealth, supra,* and later cases. Hence, the legislature made it clear that the enabling act was not to validate the sale of beer on Sunday in a community or locality where it was not a work of necessity within the meaning of the Sunday law.

Moreover, if the sale of beer on Sunday was unlawful under Code, section 4570, the legislature committed a vain act in empowering localities to regulate such sales on Sunday. Why the necessity of regulating such sale if it be prohibited?

In our opinion the trial court erred in excluding from the jury evidence that the board of supervisors of Hanover county had considered and failed to enact an ordinance pro-

hibiting the sale of beer on Sunday in the county under the enabling Act of 1938, as amended, just referred to. This evidence was, we think, pertinent and material on whether the work of selling beer on Sundays was reasonably essential to the economic, social or moral welfare of the community.

The lower court refused to grant Instruction No. 2, Instruction No. 3, and Instruction No. 6 offered by the defendant. These were patterned after instructions approved in *Lakeside Inn Corp.* v. *Commonwealth, supra,* and *Crook* v. *Commonwealth, supra,* and should have been given.

Instruction No. 4 offered by the defendant and refused by the court reads as follows:

"The court instructs the jury that if they find from the evidence that the keeping open by the defendant of his place of business on Sunday and the sale therein of the beer as alleged in the indictment tended to promote the reasonable recreation, and necessary convenience of the traveling public, and that the premises where said business was transacted were kept in an orderly and quiet manner and that the work therein done was morally fit and proper to be done on Sunday, then they may find that the work of conducting such filling station for the purposes outlined, is necessary within the meaning of the statute and they should find the defendant not guilty."

In view of what we have said, this instruction should be modified to read as follows:

The court instructs the jury that if they find from the evidence that the keeping open by the defendant of his place of business on Sunday, and the sale therein of the beer, as alleged in the indictment, was reasonably essential to the economic, social or moral welfare of the community, and that the premises where said business was transacted were kept in an orderly and quiet manner, then they may find that such work was necessary within the meaning of the statute, and if they so find, they should find the defendant not guilty.

For the same reason Instruction No. 5 should be changed to read as follows:

The court instructs the jury that a work of necessity, as meant by the statute of Virginia, is not a physical and absolute necessity but embraces as well all work reasonably essential to the economic, social and moral welfare of the community, viewed in the light of the habits and customs of the age in which we live.

In our opinion Instructions Nos. 7 and 8 were properly refused. The matters therein referred to were amply covered by the other instructions which we have approved.

▇ The defendant was entitled to have the jury instructed that in determining whether the sale of beer by him on Sundays was or was not a work of necessity,—that is, whether it was or was not reasonably essential to the economic, social or moral welfare of the community,—they could take into consideration the fact that the board of supervisors of the county had considered and failed to adopt an ordinance prohibiting the sale of beer on Sundays in the county pursuant to an enabling act of the General Assembly. In our opinion neither Instruction No. 11 nor Instruction No. 11-A presents this to the jury in proper form.

For the reasons stated the judgment complained of is reversed and the case is remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*

GREGORY, J., concurring in result; BROWNING, J., dissenting.

GREGORY, J., concurring.

I concur in the conclusion of the court, but I do not agree that a work of necessity within the purview of our Sunday law means "all work reasonably essential to the economic, social or moral welfare of the people." This definition is more confusing than the one given by this court in the *Lakeside* and *Pirkey Bros. cases.*

It is readily conceivable that work which is essential to the economic or social welfare of the people may not be fit

and proper if performed on Sunday. The economic welfare of the people might be advanced by the operation of certain businesses on Sunday, and the social welfare might be enhanced by conducting certain social activities on Sunday, but it obviously might not be proper to conduct those operations on Sunday.

The definition of a work of necessity as given in the *Lakeside* and *Pirkey Bros. cases* has become a part of the Sunday statute because the General Assembly, with knowledge of the construction this court has given it, has not seen fit to change or alter the statute though many sessions have been subsequently held.