# Richmond

L. R. Pettit v. City of Roanoke.

April 23, 1945.

Record No. 2940.

Present, All the Justices.

The opinion states the case.

*English Showalter* and *T. W. Messick*, for the plaintiff in error.

*C. E. Cuddy* and *S. R. Price*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

L. R. Pettit was employed as manager of a peanut store at 12 Campbell Avenue, Roanoke, Virginia. He was convicted of operating his store on two Sundays in May, 1944, contrary to a city ordinance providing that "if any person on a Sunday be found laboring at any trade or calling, or employ his apprentices or servants in labor or other business, except in household or other work of necessity or charity, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than five nor more than fifty dollars for each offense." This and other parts of the ordinance are based on the provisions of section 4570 of Michie's 1942 Code.

The trial court refused to permit defendant to introduce any evidence tending to show that the act of selling peanuts at this particular place on Sunday was a "work of necessity" within the meaning of the statute. The court based its ruling on the fact that, on December 13, 1943, a former employee had been convicted for working on Sunday in the same store at the same place. This conviction in effect was held to be conclusive proof of the alleged fact that operating the store on Sunday was not a "work of necessity." The refusal of the court to admit the evidence offered is the basis for the errors assigned.

We have repeatedly held that it is the function of the court to interpret the statute, but, when this has been done, it is usually the function of the jury to determine whether the particular act charged in violation of the statute was or was not a "work of necessity." *Francisco* v. *Commonwealth*, 180 Va. 371, 23 S. E. (2d) 234; *Williams* v. *Commonwealth*, 179 Va. 741, 20 S. E. (2d) 493; *Crook* v. *Commonwealth*, 147 Va. 593, 136 S. E. 565, 50 A. L. R. 1043; *Pirkey Bros.* v. *Commonwealth*, 134 Va. 713, 114 S. E. 764, 29 A. L. R. 1290; *Lakeside Inn Corp.* v. *Commonwealth*, 134 Va. 696, 114 S. E. 769.

■ The evidence rejected brings this case within the application of the general rule. Simply because on a former occasion another employee of the same store was convicted by a jury under proper instructions does not relieve the city of the necessity of proving every element of the offense charged against this defendant. If the city desired to prohibit permanently the sale of merchandise at this particular place on Sunday, it should have prosecuted the owners and, after conviction, required them to give bond as provided in section 4570 of the Code and the ordinance of the city of Roanoke.

For the reasons stated, the judgments of the trial court are reversed and the case remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*