**CIRCUIT COURT OF STAFFORD COUNTY**

Stafford County

v.

River Ridge Estates, Inc.

September 20, 1991

Case No. (Chancery) 353-86

By JUDGE JAMES W. HALEY, JR.

In this Bill in Equity for the Sale of Delinquent Tax Lands,[1] the issue for resolution is whether directors of a corporate owner are necessary parties to the proceeding when subsequent to service on the registered agent of the corporation, the corporation is automatically dissolved for failure to file its annual report and/or annual registration fee, and the complainant seeks to recover both *pre* and *post* dissolution taxes.[2]

The instant Bill was filed by the County of Stafford on July 31, 1986, and served upon the registered agent of defendant River Ridge Estates, Inc., on August 8, 1986. No answer has been filed by the corporate defendant or any officer, director or employee of the same.

During the pendency of the cause and pursuant to the provisions of § 13.1-752, River Ridge's corporate existence was terminated on September 1, 1986, for failure to file its annual report and/or its annual registration fee, at which time:

[1] Section 58.1-3965 et seq.

[2] Section 13.1-752.

its properties and affairs . . . pass[ed] automatically to its directors as trustees in liquidation. The trustees shall then proceed to (i) collect the assets of the corporation, (ii) sell, convey and dispose of such of its properties as are not to be distributed in kind to its stockholders, (iii) pay, satisfy and discharge its liabilities and obligations and (iv) do all other acts required to liquidate its business and affairs. After paying or adequately providing for the payment of all its obligations, the trustees shall distribute the remainder of its assets, either in cash or in kind, among its stockholders according to their respective rights and interests.

In accordance with the directions of a Decree of Reference entered January 3, 1989, the Commissioner, relying upon the provisions of § 58.1-3967[3] and upon the fact that the County seeks payments for property taxes incurred both *pre* and *post* dissolution, has reported that the directors of River Ridge are necessary but unjoined parties to the cause.[4]

The County has stipulated that it does not seek to impose personal liability on the directors in this cause and has excepted to the Commissioner's finding that the directors are necessary parties.

River Ridge has never been reinstated as an existing corporation pursuant to the provisions of § 13.1-754. At a hearing before the Commissioner held on June 22, 1989, William N. Bagley appeared and testified he was and remained one of the three directors and officers of River Ridge and that he had received written notice by mail in 1986

---

[3] Section 58.1-3967 reads in part: "All necessary parties shall be made parties defendant."

[4] The Commissioner determined "by independent inquiry" the date of corporate dissolution and William N. Bagley, Shirley H. Bagley and Grant A. Smith as the directors from the last annual report filed by River Ridge.

of the proposed instigation of this cause. (T-12, 14)[5] No officer, director or shareholder of River Ridge has redeemed the property pursuant to § 58.1-3974 by paying the accrued taxes and costs.

The Commissioner in his report concludes that the subject real property is "now *owned* by the directors as trustees in liquidation." (Commissioner's Report p. 3) (emphasis added). The Certificate of Title which accompanies his report recites that the present owners are: "Shirley H. Bagley, William N. Bagley, and Grant A. Smith, Trustees in liquidation for River Ridge Estates, Inc."

Section 13.1-745(B)(1) specifically states that "Dissolution of a corporation does not: Transfer title to the corporation's property."

Moreover, corporate dissolution does not prevent the commencement of or suspend any proceeding against the corporation in its corporate name or terminate the authority of its registered agent. § 13.1-745(B)(5-7). *Shepherd v. Kress Box Co.*, 154 Va. 421, 153 S.E. 649 (1930).

County does not seek to impose personal liability upon the directors. Compare *McLean Bank v. Nelson*, 232 Va. 420, 350 S.E.2d 651, 2 UCCRS 2d 942 (1988); *U.S. v. Moore*, 698 F. Supp. 622 (E.D. Va. 1988); *Moore v. Occupational Safety and Health Review Com.*, 591 F.2d 991 (4th Cir. 1979); 19 *Am. Jur.* 2d *Corporations*, § 2850 *et seq.*, and "Corporate Dissolution - Liability," 72 *A.L.R.* 4th 419.

In *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 536 (4th Cir. 1988), though an action in which personal liability was sought against directors of a dissolved corporation, the court noted that:

> Neglect of the registered agent cannot absolve the directors. They were also officers of the corporation and knew or should have known that the corporation was not furnishing the agent the necessary information to file annual reports and that it was not remitting the necessary

---

[5] The Commissioner properly found that the County had followed the mailings and publication notice requirements set forth in Section 58.1-3965 and Section 58.1-3967.

funds to pay the fees and taxes required by law.

Nonetheless, § 58.1-3967 requires that trustees under deeds of trust be joined:

> The beneficiary or beneficiaries under any deed of trust, security interest or mortgage shall not be deemed necessary parties provided the trustee or trustees under the deed of trust, or mortgagee or mortgagees under the mortgage, are made parties.

In addition, § 13.1-755 reads as follows:

> *Survival of remedy after termination of corporate existence.* -- The termination of corporate existence shall not take away or impair any remedy available to or against the corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred *prior to such termination.* Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. (Emphasis supplied.)

Though dealing with allegedly "oppressive" conduct pursuant to § 13.1-747, the Supreme Court in *Giannotti v. Hamway*, 239 Va. 14, 24, 387 S.E.2d 725, 732 (1990), stated that:

> a corporate officer has the same duties of fidelity in dealing with the corporation that arise in dealings between a trustee and a beneficiary of the trust.

In *Albemarle County v. Marshall, Clerk*, 215 Va. 756, 761, 214 S.E.2d 146, 149 (1975), the court set forth the principle of legislative construction that:

> If apparently conflicting statutes can be harmonized and effect given to both of them, they will be so construed.

*See also, Standard Drug v. General Electric*, 202 Va. 367, 378-379, 117 S.E.2d 289, 297 (1960); 17 M.J. *Statutes*, § 53, note 7, p. 338 (1979 Repl. Vol.).

Following this principle, it is clear that the provisions of § 13.1-745 permitting commencement of a proceeding against a dissolved corporation, when read in accord with the language of § 13.1-755 quoted above, apply only to pre-dissolution claims. Since trustees under deeds of trust are necessary parties to this proceeding, and since directors in dissolution are by statute trustees charged with similar fiduciary duties, this court concludes they are necessary parties to the extent that County seeks recovery of *post* dissolution taxes.[6]

Consequently, the exception to the Commissioner's Report is overruled to the extent the same is applicable to *post* dissolution claims, as set forth herein.

---

[6] Section 58.1-3967 requires that in tax sale "proceedings shall be held in accordance with the requirements, statutory or arising at common law, relative to effecting the sale of real estate by a creditor's bill . . ." In the instant proceeding, William N. Bagley, a director appeared. The omission of a necessary party in a creditor's bill who voluntarily appears is harmless error. Moore v. Bruce, 85 Va. 139, 7 S.E. 195 (1888).